UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT L. HOWARD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>　　　　　　　　　Defendant. | Case No. 2:17-02104-JAD-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 3) |

Plaintiff Robert L. Howard has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 3) pursuant to 28 U.S.C. § 1915 along with a Complaint (ECF No. 1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.　　*IN FORMA PAUPERIS* APPLICATION**

Mr. Howard's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The court will now review the Complaint.

**II.　　SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a court must screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The simplified pleading standard set forth in Rule 8(a) of the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to the Federal Rules of Civil Procedure and the Social Security Act, the court therefore substitutes Nancy A. Berryhill for the "Commissioner of Social Security" as the defendant in this suit. *See* Fed. R. Civ. P. 25(d) (allowing the automatic substitution of a successor to a public officer who is a party to an action but ceases to hold office while the action is pending); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Federal Rules of Civil Procedure[2] applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). A properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Rule 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Mr. Howard's Complaint challenges a decision by the Social Security Administration ("SSA") denying him disability insurance benefits under Title II of the Social Security Act. *See* Compl. (ECF No. 1) ¶ 3. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr*, 652 F.3d at 1216. To do so, a complaint should state when and how a plaintiff exhausted his administrative remedies with the SSA and the nature of his/her disability, including when he claims he became disabled. The complaint should also contain a short and concise statement identifying the nature of the

---

[2] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. *See, e.g.*, *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (when submitting a complaint for judicial review to the district court, social security appellants "must not treat the matter as a simple formality" by filing "extremely perfunctory" allegations), *aff'd sub nom. Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011). Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015).

### A. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he or she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Mr. Howard alleges that on May 31, 2017, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ 8. Thus, it appears he has exhausted his administrative remedies. Mr. Howard timely commenced this action as the Complaint was filed on August 3, 2017, and the Complaint indicates

that he resides within the District of Nevada. *See* Compl. ¶ 1. Accordingly, he has satisfied these prerequisites for judicial review.

### B. Grounds for Mr. Howard's Appeal and the Nature of the Disability

The Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Mr. Howard contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion he is not disabled within the meaning of the Social Security Act; or (b) the Commissioner's finding that he could perform substantial gainful activity. *See* Compl. ¶ 9. Howard asserts that the record supports a finding that he is disabled and has been continuously disabled at all relevant times. *Id*. ¶ 9(c). He also alleges that new evidence exists and warrants a remand of this matter for further proceedings. *Id*. ¶ 9(d).

However, Mr. Howard has not stated the nature of his disability or alleged when it commenced, instead alleging only he "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *See* Compl. ¶ 5. Additionally, he merely alleges that the Commissioner's decision to deny him benefits was wrong, but he fails to indicate *why* the decision is wrong other than by reciting the general standards that govern the court's review of the SSA's decision. *Id.* at ¶ 9. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe the underlying reasons why or identify plaintiff's disability is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf. Starr*, 652 F.3d at 1216 (addressing post-*Iqbal* pleading

standards and holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, the Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Robert L. Howard's Application to Proceed *In Forma Pauperis* (ECF No. 3) is **GRANTED**. He shall not be required to pay the $400 filing fee.

2. Mr. Howard is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court SHALL NOT issue summons.

4. The Clerk of Court shall SUBSTITUTE Nancy A. Berryhill for "Commissioner of Social Security" as the defendant in this suit.

5. The Complaint is DISMISSED WITH LEAVE TO AMEND. Mr. Howard shall have 30 days from the date of this order, or until **September 27, 2017**, to file an amended complaint, if he believes he can correct the noted deficiencies.

6. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 25th day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE