# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

ROBERT L. HOWARD,

        Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of Social Security,

        Defendant.

Case No. 2:17-cv-02104-JAD-DJA

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Robert L. Howard's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 17), filed January 30, 2018, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 18-19), filed March 1, 2018. Plaintiff did not file a Reply.

**I.    BACKGROUND**

    **1.    Procedural History**

On March 10, 2015, Plaintiff applied for disability insurance benefits, alleging an onset date of December 2, 2014. AR[1] 179-180. Plaintiff's claim was denied initially, and on reconsideration. AR 62-103. A hearing was held before an Administrative Law Judge ("ALJ") on December 7, 2016. AR 32-61. On March 3, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 13-31. The ALJ's decision became the Commissioner's final decision

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 11).)

when the Appeals Council denied review, on May 31, 2017. AR 1-6. Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g) on August 3, 2017. (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 13-31. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of December 2, 2014 through the date of the decision. AR 18. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of mood disorder and alcohol abuse, a non-severe impairment of intentional tremor, and not a medically determinable impairment of loss of vision in left eye. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18-19. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform the full range of work at all exertional levels with the following nonexertional limitations: occasional fine fingering; understand and remember most tasks; has concentration, persistence and pace for simple 1-3 step tasks throughout a regular 8 hour workday/40 hour workweek; can interact appropriately with the public, peers, and supervisors; and has adequate capacity for adaptation. AR 20. The ALJ found that Plaintiff unable to perform any past relevant work. AR 24. At step five, the ALJ found that Plaintiff is capable of performing other work, such as linen room attendant, industrial cleaner, office helper, and laundry worker. AR 25-26. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from December 2, 2014, through the date of the decision. AR 26.

## II.   DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact

without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight

abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

    **a.    Whether the ALJ Properly Weighed the Opinion Evidence**

The ALJ determined that the opinion of consultative examiner Paul Williams, M.D. that Plaintiff was capable of performing a limited range of light-exertion work was entitled to little weight because it was only partially supported by his clinical findings. AR 23. He highlighted the fact that the clinical examination by Dr. Williams was normal excepting bilateral hand intention tremor and the fact that a state agency medical consultant, Alan Coleman, M.D. reviewed the report and opined there was insufficient evidence to find a severe medically determinable impairment other than the relatively minor hand tremor. *Id.*

Plaintiff argues that the ALJ's determination that the consultative examiner's opinion should be afforded little weight is not supported by substantial evidence because the objective

medical records show ongoing tremors despite some improvement with medication. (ECF No. 17, 5-7). Plaintiff also argues that Dr. Williams' opinion does not indicate limitations inconsistent with Plaintiff's self-reported limitations in daily activities. (ECF No. 17, 7). As a result, Plaintiff contends assigning Dr. Williams' opinion little weight is a harmful error because if Plaintiff were limited to light-exertion work, he would be found disabled under the Medical Vocational Guidelines. (*Id.*). Defendant responds that the ALJ articulated valid reasons for giving reduced weight to Dr. Williams' opinion including: lack of consistency with the objective medical record and contrary opinions. (ECF No. 18, 4-7). For example, Dr. Coleman's opinion was assigned more weight because it was consistent with the improvement in Plaintiff's tremors from medication and reported daily activities regarding utilizing his hands, which supported the RFC limitation to occasional fine fingering. (*Id.*).

In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). In light of the entirety of the medical record, the Court finds that the ALJ adequately weighed the opinion of the consultative examiner in assessing it less weight and provided clear and convincing reasons with reference to the medical record. He specifically noted how Dr. Williams reviewed treating psychologist Louis Mortillaro, Ph.D.'s opinion that noted no tremors and nerve conduction velocity testing was normal. AR 23. Additionally, Dr. Coleman's opinion that Plaintiff was not limited exertionally except for occasional fine fingering was supported by treatment notes that indicated improvement in the tremors with medication. The Court therefore finds that the ALJ properly gave "clear and convincing" reasons supported by substantial evidence for affording little weight to the opinion of consultative examiner Dr. Williams.

/ / /

    **b.**  **Whether the ALJ Failed to Reconcile a Conflict Between the Vocational Expert's Testimony and the RFC**

   The ALJ assigned Plaintiff a RFC for a range of work at all exertional levels with non-exertional limitations including occasional fine fingering and has concentration, persistence and pace for simple 1-3 step tasks.  AR 20.  He also credited the vocational expert's testimony that identified four jobs that Plaintiff could perform at step five, which were at the medium-exertion level.  AR 25.  The ALJ found that pursuant to SSR 00-4p, the vocational expert's testimony was generally consistent with the information contained in the Dictionary of Occupational Titles ("DOT").  AR 25.  Further, the ALJ asked the vocational expert during the hearing to let him know if the vocational expert's testimony departs from the DOT.  AR 49.  The vocational expert did not identify any conflict with the DOT with respect to first job identified, linen room attendant.

   Plaintiff contends that there is a conflict between the information in the DOT and the vocational expert's testimony for all four jobs identified by the vocational expert, which the ALJ failed to resolve.  (ECF No. 17, 8-17).  Specifically, Plaintiff argues that the linen room attendant position is listed in the DOT as involving the ability to function at a reasoning level three, which conflicts with Plaintiff's RFC limitation for concentration, persistence and pace for simple 1-3 step tasks.  *Id.*  Also, Plaintiff claims the industrial cleaner position is listed in the DOT at the light-level of exertion, involves the ability to function at a reasoning level three, and frequent fingering, which conflicts with the ALJ decision that lists this job at the medium level of exertion and the RFC limitations to simple 1-3 step tasks and occasional fine fingering.  *Id.*  As for the office helper position, Plaintiff contends that the DOT lists this as a light-exertion position with frequent fingering, again in conflict with the ALJ's decision that lists this job at the medium level of exertion and the RFC limitation to occasional fine fingering.  *Id.*  For the laundry worker position, Plaintiff argues that the DOT indicates it requires frequent fingering, which conflicts with the RFC limitation to occasional fine fingering.  *Id.*

   Defendant concedes that it does not defend the ALJ's step five finding as to the industrial cleaner, office helper, and laundry worker positions based on the alleged conflict with the RFC

limitation to occasional fine fingering.  (ECF No. 18, 13).  However, Defendant asserts that due to remaining position identified by the ALJ, linen room attendant, being capable of being performed with the RFC limitation for simple 1-3 step tasks, the step five determination is supported.  (*Id.* at 7-14).

The Ninth Circuit has found that the DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  As such, ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information).  Accordingly, an ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefore. *Massachi v. Astrue*, 486 F.3d 1149, 1152–53.  Failure to inquire is a harmless error when there is no apparent conflict or the vocational expert provides sufficient support to justify deviation from the DOT.  *Id*. at 1154 n. 19.  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality or inferences drawn from the context of the vocational expert's testimony.  *See Light v. Soc. Sec. Admin*., 119 F.3d 789, 793 (9th Cir. 1997) (as amended) (citations omitted).

The Ninth Circuit addressed the issue of whether a RFC limitation to simple tasks is compatible with a GED reasoning level 3 job in *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015).[1] There the Ninth Circuit found that because the ALJ failed to recognize an inconsistency and did not ask the expert to explain why a person with the plaintiff's limitation could meet the demands of level 3 reasoning it was not a harmless error.  *Id.*  The Court finds that the *Zavalin* case is comparable to the situation here even though it did not discuss the specific RFC limitation to specific 1-3 step tasks included here.  *Id.*  The Court's plain reading of simple 1-3 step tasks

---

[1] The Ninth Circuit joined the Tenth Circuit's position that found an apparent conflict between a job requiring reasoning level 3 and a RFC limitation to simple tasks.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  In contrast, the Seventh and Eighth Circuits have found no apparent conflict between a job requiring reasoning level 3 and a RFC limitation to simple work.  *See Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007).

reveals that it may conflict with being able to apply "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . [and d]eal with problems involving several concrete variables in or from standardized situations." DOT No. 222.387-030, 1991 WL 672098. Additionally, the Court is not able to infer from the AR and hearing transcript that Plaintiff is capable of performing the reasoning level 3 job based on his education, past relevant work, and vocational expert testimony.

The Court is not willing to establish a bright line rule that any RFC limitation to simple tasks conflicts with a level 3 reasoning. However, like in *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 (9th Cir. 2015), there is no explanation in the record as to why the ALJ or the vocational expert may have believed that the specific limitation to 1-3 step tasks "should not be taken at face value". Given that the Court is not able to conclude based on the record whether substantial evidence supports the ALJ's step five finding that Plaintiff can perform the linen room attendant position, much less the other three jobs identified, the ALJ's failure to reconcile the apparent conflict is not harmless. This Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Zavalin*, 778 F.3d at 848 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir.2006)) (holding that ALJ's failure to reconcile apparent conflict between RFC and DOT was not harmless error).

## III.   CONCLUSION AND RECOMMENDATION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is not supported by substantial evidence under 42 U.S.C. § 405(g) and does not articulate reasons for the findings that satisfy the requisite legal standards. Specifically, the step five defect warrants correction upon remand. Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand (ECF No. 17) be granted subject to the modification that it be remanded for further proceedings consistent with the terms of this report and recommendation.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 18) be denied.

## IV.  NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 1, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE